UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Joe Sturkey, #146039, <br> *aka* Willie Sturkey, <br>        Plaintiff, <br><br> vs. <br><br> Jon Ozmint, Director, SCDC; <br> Michael Matthew, SCDC Division of Records; <br> NFN Watta, Paymaster; and <br> NFN Bazzle, Warden, Perry Correctional Institution, <br> in their individual capacity, <br>        Defendants. | C/A No. 8:07-1502-MBS-BHH <br><br><br><br> Report and Recommendation |

The plaintiff, Willie Joe Sturkey ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Tyger River Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names SCDC employees as defendants.[2] Plaintiff claims violation of the Privacy Act for maintaining inaccurate information that he was released to probation, which he claims he was not, with the result of missing funds from his trust account based on the inaccurate information. The complaint also claims "deprivation of Plaintiff['s] 9th and 14th Constitutional Amendment of the Equal Protection Clauses." Plaintiff seeks monetary damages for violation of the Privacy Act. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a

2

district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

The complaint alleges Plaintiff, while incarcerated at Perry Correctional Institution("Perry"), also a facility of SCDC, filed a form concerning "missing funds" from Plaintiff's account. Defendant Watta responded that funds were deducted from Plaintiff's account based on the fact Plaintiff was released to probation. Plaintiff contends he was never released to probation. Plaintiff sent copies of the form to Defendant Bazzle, Warden of Perry; to Defendant Matthews, SCDC Division of Records; and Defendant Ozmint, Director of SCDC. Plaintiff complained of "intentional inaccurate records of the Plaintiff pursuant to the Privacy Act, inter alia deprivation of Plaintiff 9th and 14th Constitutional Amendment of the Equal Protection Clauses, Defendants have failed to act within the scope of their duties to verify the inaccurate information." The complaint claims Plaintiff attempted to use the institutional grievance procedure but did not receive a timely response. Plaintiff seeks monetary damages under the Privacy Act.

## Discussion

1. Privacy Act

The Privacy Act of 1974, 5 U.S.C. § 552a, "limits the kind of information that can be

3

collected or disclosed by government agencies and provides a private cause of action against an agency for violating the Act's provisions." *Wheeler v. Gilmore*, 998 F.Supp. 666, 668 (E.D. Va. 1998). The cause of action, however, must be against a federal agency. The Privacy Act applies only to federal agencies, as specified in 5 U.S.C. § 551(1), which defines an agency as "each authority of the Government of the United States." An agency of a State government, such as SCDC, is therefore not subject to the Privacy Act. *St. Michael's Convalescent Hospital v. State of California*, 643 F.2d 1369, 1373 (9th Cir. 1981)("'agency' does not encompass state agencies or bodies"). Also, the Privacy Act allows a private cause of action against a federal agency, not individuals. *Wheeler v. Gilmore*, 998 F.Supp. at 668 (an agency is the only proper defendant in an action under the Privacy Act). The complaint in this case names individuals, which are not subject to suit under the Privacy Act. The defendants are not proper parties and are entitled to be dismissed as parties. Even if Plaintiff amended his complaint to name the agency, SCDC, the state agency is not subject to a private lawsuit under the Privacy Act. *Polchowski v. Gorris*, 714 F.2d 749, 752 (7th Cir. 1983)(Congress limited the scope of the Privacy Act to federal agencies). The complaint fails to state a claim on which relief may be granted under the Privacy Act.

2.  Equal Protection

The complaint's claim of "deprivation of Plaintiff['s] 9th and 14th Constitutional Amendment of the Equal Protection Clauses" also fails to state a claim. The United States Supreme Court states "the purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination." *Sioux City Bridge Co. V. Dakota County*, 260 U.S. 441, 445 (1923). Plaintiff has failed to allege he belongs in a "protected class," and in order to bring a

successful equal protection claim against a "class of one," Plaintiff must allege that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The factual allegations in the complaint relate to the Defendant's failure to address inaccurate information contained in records pertaining to Plaintiff, stating "Defendants have failed to act within the scope of their duties to verify the inaccurate information." Compl. at 3. The complaint contains no allegations of disparate treatment based on discriminatory motive. The complaint must be dismissed for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in this case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

s/Bruce H. Hendricks
United States Magistrate Judge

June 19, 2007
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).