IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Joe Sturkey, #145039,  )  <br> aka Willie Sturkey,                       )   C/A No. 8:07-1502-MBS -BHH <br>                                                    ) <br>                 Plaintiff,                 ) <br>                                                    ) <br>          vs.                                   ) <br>                                                    ) <br> Jon Ozmint, Director, SCDC; Michael ) <br> Matthew, SCDC Division of Records; )           **O R D E R** <br> NFN Watta, Paymaster and NFN Bazzle, ) <br> Warden, Perry Correctional Institution, ) <br> in their individual capacity,              ) <br>                                                    ) <br>                 Defendants.              ) <br> _____) | |

Plaintiff Willie Joe Sturkey is an inmate in custody of the South Carolina Department of Corrections (SCDC). He currently is housed at Evans Correctional Institution in Bennettsville, South Carolina. Plaintiff, proceeding pro se, filed a complaint on May 30, 2007, alleging that SCDC maintained inaccurate records that resulted in funds being deducted from his prison account. Plaintiff asserted causes of action pursuant to the Privacy Act and the Equal Protection Clause.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996. On June 19, 2007, the Magistrate Judge issued a Report and Recommendation in which she recommended that the within action be dismissed for failure to state a claim. Plaintiff filed objections to the Report and Recommendation on June 27, 2007 a motion for relief from judgment on July 27, 2007, and a motion to amend complaint on August 29, 2007.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

I. DISCUSSION

A.   Privacy Act

The Privacy Act of 1974, 5 U.S.C. § 552a limits the kind of information that can be collected or disclosed by federal agencies and furnishes a private cause of action against a federal agency for violating the Act's provisions. The Act does not apply to state agencies such as SCDC. Accordingly, the Magistrate Judge correctly determined that Plaintiff failed to state a claim under the Privacy Act. Plaintiff's objections are without merit as to this issue.

B.   Equal Protection Clause

The purpose of the Equal Protection Clause is to protect persons from intentional and arbitrary discrimination. See Willis v. Town of Marshall, 426 F.3d 251, 263 (4th Cir. 2005). The Supreme Court has recognized the validity of "class of one" Equal Protection claims "'where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" Id. (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)).

Plaintiff asserts in his objections that he was "placed in a class by Ms. Watta acting under the color of law, when she stated that Plaintiff had violated probation . . . . Plaintiff has never been placed on or subjected to the conditions of probation. Therefore the Defendants biais acts made the treatment adverse to the Plaintiff by using inaccurate information to deprive the Plaintiff of his property." Objections, p. 5(Entry 7) (errors in original).

Plaintiff's complaint can be construed as alleging that Defendants intentionally misclassified Plaintiff in order to divest him of the sums in his prison account, while not so misclassifying other similarly-situated inmates, i.e., those who had not been placed on probation. At this stage, the court cannot say that Plaintiff failed to state a claim under the Equal Protection Clause. The court declines to adopt the Report and Recommendation as to this issue.

C.     Motion to amend; motion for relief from judgment/order

Plaintiff further seeks to amend the complaint to add Mrs. F. Ogunsile and Martha Roof as Defendants. (Entries 8, 10) It further appears that Plaintiff seeks to amend the complaint to add a cause of action under the Due Process Clause. (Entry 9) A party is entitled to amend his complaint once as a matter of course before being served with a responsive pleadings. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend his pleading only with the opposing party's written consent or the court's leave. Id. 15(a)(2). The court grants Plaintiff's motions. Plaintiff will file an amended complaint within fifteen days of the date of entry of this order.

## II.  CONCLUSION

For the reasons stated, the court concurs in the recommendation of the Magistrate Judge regarding Plaintiff's failure to state a claim under the Privacy Act. The court declines to adopt the Magistrate Judge's recommendation that Plaintiff has failed to state a claim under the Equal

Protection Clause. Plaintiff's motion for relief from judgment/order (Entry 9) and motions to amend (Entries 8, 10) are granted to the extent set forth herein. The matter is recommitted to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

February 7, 2008