IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Willie Joe Sturkey, #146039, ) | |
| ) | Civil Action No. 8:07-1502-MBS-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Jon Ozmint, *et. al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants' motion for summary judgment. [Doc. 40.] The plaintiff alleges that the defendants improperly debited monies from his trust account.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

## APPLICABLE LAW

**LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT**

The petitioner brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*,

574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A pro se complaint, "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (U.S. 1976). A court may not construct the petitioner's legal arguments for him. *See Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is

deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or

3

unnecessary will not be counted." *Anderson*, 477 U.S. at 248.  Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

The plaintiff has pled one claim pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights to equal protection and due process under the Fourteenth Amendment to the United States Constitution.  Specifically, the plaintiff contends that the defendants improperly debited his E. H. Cooper Trust account, in the amount of $150.

It is undisputed that, on July 19, 2006, the plaintiff was placed into South Carolina Department of Corrections' custody for a strong arm robbery conviction.  According to the defendant, at that time, the plaintiff still owed outstanding fees from a previous incarceration with the SCDC.  The defendant contends that the $150, therefore, was debited from his balance of $501.22, on July 28, 2006, to satisfy that prior debt.

The plaintiff argues that the monies were actually debited because the defendants improperly classified him as having violated his parole and, thereby, assessed charges because they believed he had returned to prison on a parole violation.  To the plaintiff's credit, it appears that this was a part of the defendants' initial explanation to him early on in the grievance process – that his alleged parole violation made him somehow obligated to pay these fees.  (Pl. Ex. A, Grievance Resp. 10/13/06.)

What is equally clear from the plaintiff's same exhibit, however, is that the defendants reviewed their determination, modified their assessment, and explained the circumstances to the plaintiff:

> Your concern has been reviewed. . . .  I have reviewed your record and determined that you were convicted and sentenced to [sic] Malicious Injury to Personal Property.  This sentences was 10 years suspended to 5 years and 5 years Probation.  You were released to Probation on October 1, 2004, and ***you were returned to SCDC on July 19, 2006, with out [sic] probation violation***.  You returned with a new address.  ***You were committed to the SCDC for Strong Arm Robbery.***  Also, I have reviewed your E.H. Cooper account and ***I do not see where any funds were deducted from your account for [sic] as a result of your probation sentence.  The only deductions that I see are for the following: medical co-pay, small damaged property, postage, ID card replacement, District Court fees, DNA processing fee.***

(Pl. Ex. A, Grievance Resp. 8/8/07 (emphasis added).)  The defendants have supported this explanation by producing further evidence that these owed costs were for a federal lawsuit, which he had filed while previously incarcerated, before his release in October, 2004.  (Haselden Aff.¶ 4.)  "These costs were debited against [his] account when he was

5

reincarcerated in July, 2006." *Id*. The defendant represents that the funds were then paid to the federal court. *Id*.

The plaintiff, by contrast, has not produced any evidence or argument that he did not owe such prior debts or that he was not obligated to somehow pay them. The plaintiff has also not explained how such debts would only be owed had he been erroneously classified as a parole violator. The defendants have produced evidence that he was not so classified, and that his obligation to pay the identified costs was unassociated with any such classification. The plaintiff has not met his burden under Rule 56 to create issues of fact as to his allegations.[1]

Moreover, the plaintiff has not produced any evidence from which a reasonable jury could conclude that errors committed by the defendants, if at all, were anything other than acts of negligence. He has no evidence of indifference or intentionality. As the defendant notes, under similar facts, the Fourth Circuit in *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995), held that negligent deprivations of life, liberty, or property are not actionable under 42 U.S.C. § 1983. The Fourteenth Amendment requires a showing of "active deprivations" and not a "mere failure to take reasonable care." *Id*.

---

[1] The plaintiff makes some argument in regards to the reassignment, to him, of his prior inmate number upon reentering the SCDC system. He contends that this is evidence of his misclassification, because he should have been assigned a new inmate number if he was, in fact, admitted on a new offense. The defendants, however, have submitted evidence that they employ a uniform number assignment system, which assigns inmates their old number upon readmission to the SCDC regardless of the nature of the underlying offense or its relatedness to prior offenses. (Davis Aff. ¶ 5.) Accordingly, the plaintiff's argument has no support in the record based on his evidence or the defendants'.

In *Pink*, the plaintiff sued for an alleged misfiling of a request for a money order. The Court warned of the hazards of creating a federal cause of action in damages for such ministerial mistakes. *Id*. at (citing *Daniels v. Williams*, 474 U.S. 327 (1986)). The court noted that the unintended misrouting of a routine money order request is too far afield from state action "'used for purposes of oppression'" to constitute a violation of the Fourteenth Amendment. *Id*. at 75-76.

The plaintiff has not produced evidence that the defendants made anything more than a negligent, ministerial mistake. But as the Court has already concluded, the plaintiff has failed to produce evidence of any mistake whatsoever.

## **CONCLUSION**

Wherefore, based upon the foregoing, it is recommended that the defendants' motion for summary judgment [Doc. 40] should be GRANTED.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

January 14, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).