IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Joe Sturkey, #146039,                )  <br>                                                           )  <br>              Plaintiff,                            )  <br>                                                           )  <br>     vs.                                                )  <br>                                                           )  <br>Jon Ozmint, Director, SCDC; Michael  )  <br>Matthew, SCDC Divisions of Records; )  <br>Ms. NFN Watta, Paymaster; Mr. NFN   )  <br>Bazzle, Warden, Perry Correctional     )  <br>Institution; Mrs. F. Ongunsile; and       )  <br>Mrs. NFN Roof,                                   )  <br>                                                           )  <br>              Defendants.                       )  <br>_____)   | C/A No. 8:07-1502-MBS <br><br><br><br><br><br>**O R D E R** |

Plaintiff Willie Joe Sturkey is an inmate in custody of the South Carolina Department of Corrections (SCDC). He currently is housed at Evans Correctional Institution in Greenville, South Carolina. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants, employees of SCDC, withdrew funds from his prison trust account in violation of his constitutional rights. Plaintiff further alleges that Defendants failed to timely respond to his grievance regarding the matter. See Amended Complaint, 3 (Entry 15).

This matter is before the court on Defendants' motion for summary judgment, which motion was filed July 21, 2008 (Entry 40). By order filed July 21, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to Defendants' motion on August 28, 2008, to which Defendants filed a reply on September 8, 2008.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. On January 14, 2009, the Magistrate Judge filed a Report and Recommendation in which she recommended that Defendants' motion for summary judgment be granted. Plaintiff filed objections to the Report and Recommendation on February 5, 2009. Defendants filed a response to Plaintiff's objections on February 10, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

Plaintiff was placed in custody of SCDC in 1988 on charges of burglary and resisting arrest. Affidavit of Vickie Davis, ¶ 3 (Entry 40-4). Plaintiff "maxed out" on his sentence and was released on October 1, 2004. Affidavit of Vickie Davis, ¶ 4. On July 19, 2006, Plaintiff was re-incarcerated as a result of a conviction for strong arm robbery. Id. According to Plaintiff, $150 was deducted from his E.H. Cooper Trust Account when he returned to prison. Plaintiff asserts that he was told the money was deducted because he had been classified as having returned to SCDC custody as the result of violating probation. Plaintiff contends that he was deprived of his property without due process because he was never released to probation and did not violate probation. Amended Complaint, 3.

2

According to Defendants, and as borne out by court records, Plaintiff filed causes of action in this court during his initial imprisonment that commenced in 1988. Because Plaintiff was indigent, the payment of filing fees was deferred pursuant to 28 U.S.C. § 1915. The fees were not paid in full when Plaintiff was released on October 1, 2004.

Plaintiff was assigned the identical inmate number upon his return to prison as he had been assigned at the time of his initial incarceration, as required by SCDC's uniform number assignment system. Affidavit of Vickie Davis, ¶ 5. At that time, it was discovered that Plaintiff still owed court costs in the amount of $150. The costs for the federal litigation were debited from Plaintiff's E.H. Cooper trust account upon re-incarceration. Affidavit of Michelle Haselden, ¶ 4 (Entry 40-2).

The Magistrate Judge noted that SCDC originally misinformed Plaintiff of the reason the trust account was debited. See Request to Staff Member (Entry 49-3, 2). However, upon request by Plaintiff, SCDC reviewed the matter and recognized that Plaintiff had been reincarcerated as the result of a new sentence, and not a probation violation. Inmate Grievance Form, Step 2 (Entry 49-3, 5). SCDC noted that the only deductions to Plaintiff's trust account had been for "medical co-pay, small damaged property, postage, ID card replacement, District Court fees, DNA processing fee." Id. The Magistrate Judge determined that Plaintiff's allegations lacked merit and that no constitutional violation had occurred.

## II. DISCUSSION

Plaintiff contends that the Magistrate Judge erred in finding that no constitutional violation has occurred. Plaintiff contends that Defendants fabricated evidence and makes conclusory allegations that he was deprived of his due process and equal protection rights by Defendants "intentional unreasonable seizure of his funds in his account[.]" Plaintiff's Objections to Magistrate's

Report and Recommendation, 4 (Entry 58).  The court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations.  Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).  Nevertheless, the court has carefully reviewed the pleadings, exhibits, motion, and memoranda.

The Fourteenth Amendment provides, among other things, that "nor shall any State deprive any person of life, liberty, or property, without due process of law."  The court must "'examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient.'"  Henderson v. Simms, 223 F.3d 267, 274 (4th Cir. 2000) (quoting Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989)).  An individual claiming a liberty or property interest protected by the Fourteenth Amendment "'must have a legitimate claim of entitlement to it.'"  Id. (quoting Thompson, 490 U.S. at 460).  Courts have recognized that inmates possess a protected property interest in their funds. See Burks v. Pate, 119 F. App'x 447, 450 (4th Cir. 2005) (citing cases).  However, debits such as those made for filing fees, medical services, and expenses are not "deprivations" because the inmate has been provided with a service or good in exchange for the money debited.  Browder v. Ankrom, 2005 WL 1026045 (W.D. Ky. April 25, 2005) (not reported).

In this case, as the Magistrate Judge correctly noted, Defendants have produced credible evidence that Plaintiff's E.H. Cooper Trust Account was debited to pay, among other things, outstanding district court fees. See Affidavit of Michelle Haselden, Exhibit A (Entry 40-2).  Plaintiff had no property interest protected by the Fourteenth Amendment in a debt that he does not dispute

4

was owed in exchange for the benefit of allowing Plaintiff to proceed in forma pauperis in federal court. Thus, no constitutional deprivation occurred. Plaintiff's objections are without merit.

The court concurs in the Report and Recommendation and incorporates it herein by reference. Defendants' motion for summary judgment (Entry 40) is **granted**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

March 10, 2009

Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**